IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JAMIE HELMS, ) | |
| ) | |
| PLAINTIFF, ) | |
| v. ) | DOCKET NO: |
| ) | JURY OF TWELVE DEMANDED |
| APPLEBEE'S RESTAURANTS LLC, INDIVIDUALLY, and ) | |
| APPLEBEE'S RESTAURANTS LLC, D/B/A APPLEBEE'S ) | |
| THOMPSON LN, MORNING GLORY LLC, INDIVIDUALLY ) | |
| and MORNING GLORY LLC, D/B/A APPLEBEE'S ) | |
| THOMPSON LN, MORNING GLORY LLC, INDIVIDUALLY ) | |
| (FLORIDA) and MORNING GLORY LLC, D/B/A ) | |
| APPLEBEE'S THOMPSON LN (FLORIDA) and ) | |
| JOHN DOE COMPANY, ) | |
| ) | |
| DEFENDANTS. ) | |

## COMPLAINT FOR DAMAGES

Plaintiff, for cause of action against Defendants state:

1. The Plaintiff, Jamie Helms, ("Plaintiff") is a citizen and resident of White House, Tennessee.

2. Defendant Applebee's Restaurants LLC, Individually, and d/b/a Applebee's Thompson LN is an active Delaware Limited Liability Company whose agent for service of process is Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

3. Defendant Morning Glory LLC, Individually, and d/b/a Applebee's Thompson LN was an active Tennessee domestic Limited Liability Company whose agent for service of process is listed on the Tennessee Secretary of State's website: Su Hwan Jeong located at 8041 Hamilton ML, Chattanooga, TN 37421.

4. Defendant Morning Glory LLC, Individually, and d/b/a Applebee's Thompson LN is an active Florida company conducting business in the state of Tennessee and whose agent for service of process is Tolson & Associates, P.A., 462 Kingsley Avenue, Suite 101, Orange Park, FL 32073.

5. Upon information and belief, Defendant, John Doe Company, is a domestic company conducting business in Davidson County, Tennessee, and submits itself to the jurisdiction and venue of this Court by virtue of conducting business in the county complained of herein. Plaintiff will amend her Complaint to substitute "John Doe Company" when the identity of Defendant, John Doe Company, becomes known.

6. Defendants, John Doe Company, Applebee's Restaurants LLC, and Morning Glory LLC are collectively referred to hereinafter as "Defendants". At the time of filing this Complaint, the Plaintiff is unaware of the business relationship between the Defendants.

7. That on or about February 16, 2019, the Defendants were, and are now operating the Applebee's Grill + Bar located at 718 Thompson Lane, Nashville, Tennessee ("premises").

8. The Plaintiff was lawfully on the premises to dine with her friends.

9. While walking towards the restroom of the premises; Ms. Helms slipped and fell awkwardly causing her to suffer serious injuries.

10. It was later determined she had slipped on water left unattended by the agents, employees, and/or servants of the Defendants.

11. The Defendants had notice of the unsafe condition.

12. That the Defendants had a duty to maintain the premises in a safe condition and to correct any unsafe condition in a reasonable time.

13. That said fall was a direct and proximate result of the negligence of the Defendants, and/or its employees, by allowing the water to remain on the floor surface of its premises in which customers are authorized to enter and exit in order to conduct business.

14. That the Plaintiff suffered injuries and damages as a direct and proximate result of the aforementioned negligence of the Defendants and/or its employees.

15. That the unattended water created an unreasonable danger to those legally on the premises and it was foreseeable that customers would fall on unattended water.

16. That as a direct and proximate result of the negligence of Defendants, and its officers, agents, employees, and/or servants, the Plaintiff suffered serious, painful and disabling bodily injuries; has incurred and will in the future incur expenses for a reasonable and necessary medical care and treatment; has suffered and will in the future suffer pain and suffering.

### WHEREFORE, PLAINTIFF PRAYS:

1. For a judgment against Defendants, for compensatory damages in an amount to be determined by a jury, but not to exceed $75,000.00, for the damages and losses suffered by the Plaintiff as a proximate result of Defendants' acts, omissions, negligence, statutory violations and/or other allegations set forth herein.

2. For cost of this matter to be taxed to Defendants.

3. That service of process issue and be served upon Defendants, requiring Defendants, to appear and answer within the time required by law.

4. For a jury trial to try this matter.

5. For such other, further and general relief to which Plaintiff is entitled under the law.

Copy

Respectfully submitted,

MORGAN & MORGAN-NASHVILLE PLLC

James P. McNamara, #18127
810 Broadway, Suite 105
Nashville, TN 37203
615-514-4206
jmcnamara@forthepeople.com

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| **JAMIE HELMS,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  No. 20C177 |
| | * |
| **APPLEBEE'S RESTAURANTS LLC, INDIVIDUALLY,** | *  JURY DEMANDED |
| **and APPLEBEE'S RESTAURANTS LLC, d/b/a** | * |
| **APPLEBEE'S THOMPSON LN, MORNING GLORY LLC,** | * |
| **INDIVIDUALLY and MORNING GLORY LLC d/b/a** | * |
| **APPLEBEE'S THOMPSON LN, MORNING GLORY LLC,** | * |
| **INDIVIDUALLY (FLORIDA) and MORNING GLORY LLC** | * |
| **d/b/a APPLEBEE'S THOMPSON LN (FLORIDA) and** | * |
| **JOHN DOE COMPANY,** | * |
| | * |
| Defendants. | * |

### AGREED ORDER TO DISMISS AND ADD PARTIES

The parties, by and through counsel, hereby agree Applebee's Restaurants LLC, Individually, Applebee's Restaurants LLC d/b/a Applebee's Thompson Ln, Morning Glory LLC, Individually, Morning Glory LLC d/b/a Applebee's Thompson Ln, Morning Glory LLC, Individually (Florida), Morning Glory LLC d/b/a Applebee's Thompson Ln (Florida), and John Doe Company are improperly and misjoined defendants and should be dismissed from this matter without prejudice in accordance with Tenn. R. Civ. P. 21. The parties further agree Apple TOM, LLC is the proper party defendant and should be added to this matter in accordance with the same. Tenn. R. Civ. P. 21.

WHEREFORE, the parties respectfully request an Order dismissing all the current defendants and adding Apple TOM, LLC as the party defendant in this matter.

Respectfully submitted,

| MORGAN & MORGAN | CARR ALLISON |
|---|---|
| BY: *James P. McNamara by CRM w/perm.* | BY: *Chancey R. Miller* |
| JAMES P. MCNAMARA, BPR #018127 | SEAN W. MARTIN, BPR #020870 |
| Attorney for Plaintiff | CHANCEY R. MILLER, BPR #036124 |
| 810 Broadway, Suite 105 | Attorneys for Defendants |
| Nashville, TN 37203 | 736 Market Street, Suite 1320 |
| (615) 514-4206 | Chattanooga, TN 37402 |
| jmcnamara@forthepeople.com | (423) 648-9832 / (423) 648-9869 FAX |
| | swmartin@carrallison.com |
| | cmiller@carrallison.com |

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2020, I electronically filed an **AGREED ORDER TO DISMISS AND ADD PARTIES** with the Clerk of Court using the Davidson County electronic filing system which will automatically send email notification of such filing to the following attorneys of record:

    James P. McNamara
    Morgan & Morgan
    810 Broadway, Suite 105
    Nashville, TN 37203

                                  CARR ALLISON

                                  BY: *Chancey R. Miller*
                                  SEAN W. MARTIN, BPR #020870
                                  CHANCEY R. MILLER, BPR #036124
                                  Attorneys for Defendants
                                  736 Market Street, Suite 1320
                                  Chattanooga, TN 37402
                                  (423) 648-9832 / (423) 648-9869 FAX
                                  swmartin@carrallison.com
                                  cmiller@carrallison.com

| | |
|---|---|
| **Case Title:** | HELMS V APPLEBEE'S RESTAURANTS LLC |
| **Case Number:** | 20C177 |
| **Type:** | AGREED ORDER |

The foregoing is hereby ORDERED, ADJUDGED AND DECREED:

_____
Judge Joe Binkley, Jr., Fifth Circuit

Electronically signed on 03/18/2020 04:07 PM     page 3 of 3

EFILED 04/16/20 08:34 AM CASE NO. 20C177 Richard R. Rooker, Clerk

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| **JAMIE HELMS,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | No. 20C177 |
| | * | |
| **APPLE TOM, LLC,** | * | JURY DEMANDED |
| | * | |
| Defendant. | * | |

## ANSWER

COMES NOW the Defendant, Apple TOM, LLC ("Applebee's"), by and through counsel, and in answer to the Plaintiffs' Complaint states as follows:

## FIRST DEFENSE

In response to the specifically enumerated paragraphs of the Plaintiff's Complaint, Applebee's states as follows:

1. Applebee's is without sufficient information to admit or deny the allegations in paragraph 1 of the Plaintiff's Complaint.

2. Applebee's Restaurants, LLC, individually and d/b/a Applebee's Thompson Ln was an improper party defendant to this matter and has been dismissed from the case without prejudice.

3. Morning Glory, LLC, individually and d/b/a Applebee's Thompson Ln was an improper party defendant to this matter and has been dismissed from the case without prejudice.

4. Morning Glory, LLC, individually and d/b/a Applebee's Thompson Ln was an improper party defendant to this matter and has been dismissed from the case without prejudice.

5. John Doe Company was an improper party defendant to this matter and has been dismissed from the case without prejudice.

6. The allegations in paragraph 6 of the Plaintiff's Complaint are denied.

7. The allegations in paragraph 7 of the Plaintiff's Complaint are denied.

8. Applebee's is without sufficient information to admit or deny the allegations in paragraph 8 of the Plaintiff's Complaint.

9. The allegations in paragraph 9 of the Plaintiff's Complaint are denied.

10. The allegations in paragraph 10 of the Plaintiff's Complaint are denied.

11. The allegations in paragraph 11 of the Plaintiff's Complaint are denied.

12. The allegations in paragraph 12 of the Plaintiff's Complaint are denied as pled.

13. The allegations in paragraph 13 of the Plaintiff's Complaint are denied.

14. The allegations in paragraph 14 of the Plaintiff's Complaint are denied.

15. The allegations in paragraph 15 of the Plaintiff's Complaint are denied.

16. The allegations in paragraph 16 of the Plaintiff's Complaint are denied.

## SECOND DEFENSE

The Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The Plaintiff so carelessly and negligently conducted herself that she, by her own negligence, contributed directly and proximately to her own injuries. The Plaintiff's fault is greater than that of Applebee's, if Applebee's is at fault at all, and therefore the Plaintiff should recover nothing from Applebee's. In the alternative, the Plaintiff's damages should be reduced in proportion to the percentage of negligence attributed to her.

## FOURTH DEFENSE

Applebee's pleads modified comparative fault in mitigation or bar of any recovery by the Plaintiff against Applebee's, if any. Specifically, Applebee's avers the Plaintiff's own actions or

omissions were such that they constitute negligence which caused or contributed to cause the accident and injuries alleged in the Complaint.

## FIFTH DEFENSE

Applebee's did not breach any duty owed to the Plaintiff.

## SIXTH DEFENSE

All allegations not heretofore admitted, explained, or denied are here and now denied as set forth as though specifically denied therein.

## SEVENTH DEFENSE

Applebee's reserves the right to amend its Answer to include such other and further defenses that later may become apparent through further investigation and discovery.

WHEREFORE, having answered the Plaintiff's Complaint, Defendant Applebee's prays to be hence dismissed, or in the alternative, demands a jury to try the issues when joined.

Respectfully submitted,

**CARR ALLISON**

BY: ___/s/ Sean W. Martin_____
**SEAN W. MARTIN, BPR #020870**
**CHANCEY R. MILLER, BPR #036124**
Attorneys for Defendant
736 Market Street, Suite 1320
Chattanooga, TN 37402
(423) 648-9832 / (423) 648-9869 FAX
swmartin@carrallison.com
cmiller@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2020, I electronically filed an **ANSWER** with the Clerk of Court using the Davidson County electronic filing system which will automatically send email notification of such filing to the following attorneys of record:

    James P. McNamara
    Morgan & Morgan
    810 Broadway, Suite 105
    Nashville, TN 37203

                          **CARR ALLISON**

BY:    /s/ Sean W. Martin
            **SEAN W. MARTIN, BPR #020870**
            **CHANCEY R. MILLER, BPR #036124**
            Attorneys for Defendant
            736 Market Street, Suite 1320
            Chattanooga, TN 37402
            (423) 648-9832 / (423) 648-9869 FAX
            swmartin@carrallison.com
            cmiller@carrallison.com

5th

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| JAMIE HELMS, | * |
| Plaintiff, | * |
| v. | * No. 20C177 |
| APPLE TOM, LLC, | * JURY DEMANDED |
| Defendant. | * |

### CASE MANAGEMENT ORDER NO. 1

This matter came before Special Master Mary Ashley Nichols for a telephonic case management conference on July 16, 2020.

Based on the representations of counsel, it is recommended this matter not be set for trial at this time. During the conference, Special Master Nichols set the following dates and deadlines:

1. The parties have until November 15, 2020 to complete all party depositions so long as the Defendant obtains all medical records and billing information thirty (30) days in advance;

2. Defendant shall have fifteen (15) days after taking the Plaintiff's deposition to elect whether to request an independent medical examination (IME); and

3. The parties shall appear for a second case management conference to be held telephonically on December 9, 2020 at 10:45 a.m.

The Court adopts this recommendation as the Order of the Court. This Order shall not be altered without prior judicial approval.

**ENTERED** this _____ day of _____, 2020.

_____
**JUDGE JOE BINKLEY, JR.**

APPROVED FOR ENTRY:

BY: _____
MARY ASHLEY NICHOLS, BRP #001336
*Special Master*
1 Public Square, Suite 501
Nashville, TN 37201

**MORGAN & MORGAN**

BY: /s/ James P. McNamara
**JAMES P. MCNAMARA, BPR #018127**
Attorney for Plaintiff
810 Broadway, Suite 105
Nashville, TN 37203
(615) 514-4206
jmcnamara@forthepeople.com

**CARR ALLISON**

BY: /s/ Chancey R. Miller
**SEAN W. MARTIN, BPR #020870**
**CHANCEY R. MILLER, BPR #036124**
Attorneys for Defendant
736 Market Street, Suite 1320
Chattanooga, TN 37402
(423) 648-9832 / (423) 648-9869 FAX
swmartin@carrallison.com
cmiller@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2020, I electronically filed a **CASE MANAGEMENT ORDER NO. 1** with the Clerk of Court using the Davidson County electronic filing system which will automatically send email notification of such filing to the following attorneys of record:

James P. McNamara
Morgan & Morgan
810 Broadway, Suite 105
Nashville, TN 37203

**CARR ALLISON**

BY: /s/ Chancey R. Miller
**SEAN W. MARTIN, BPR #020870**
**CHANCEY R. MILLER, BPR #036124**
Attorneys for Defendants
736 Market Street, Suite 1320
Chattanooga, TN 37402
(423) 648-9832 / (423) 648-9869 FAX
swmartin@carrallison.com
cmiller@carrallison.com

2



Case Title:     HELMS V APPLEBEE'S RESTAURANTS LLC

Case Number:     20C177

Type:     CASE MANAGEMENT ORDER

The foregoing is hereby ORDERED, ADJUDGED AND DECREED:

_____
Judge Joe Binkley, Jr., Fifth Circuit

Electronically signed on 08/07/2020 09:55 AM     page 3 of 3

# IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| **JAMIE HELMS,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *    No. 20C177 |
| | * |
| **APPLE TOM, LLC,** | *    JURY DEMANDED |
| | * |
| | * |
| Defendant. | * |

## AGREED ORDER FOR RELEASE AND PRODUCTION OF PROTECTED HEALTH INFORMATION AND MEDICAL RECORDS IN ACCORDANCE WITH HIPAA

Upon joint motion by the parties, pursuant to and in accordance with federal law as set forth in the Health Insurance Portability and Accountability Act (HIPAA), 45 C.F.R. §§160.001 et. seq. and 164.500 et. seq., and Rule 26 of the *Tennessee Rules of Civil Procedure*, it is hereby

ORDERED that the law firm of CARR ALLISON, or its designated agents, be provided with and be permitted to examine, inspect, and copy any protected health information and medical records or documents as described below with regard to the examination, treatment, care, diagnosis, consultation, or other healthcare services of the Plaintiff, Jamie Helms. It is further

ORDERED that any physician, hospital, clinic, therapist, chiropractor, medical practitioner, or any other healthcare provider that is considered a covered entity under HIPAA is expressly authorized and required to furnish to Carr Allison or its designated agents, any and all protected health information or medical records as described below concerning the above individual and forward said information or records to Carr Allison at 736 Market Street, Suite 1320; Chattanooga, Tennessee 37402, or by facsimile at (423) 648-9869 based upon this order and pursuant to both state and federal law. It is further

ORDERED that pursuant to 45 C.F.R. §165.508(c), the protected health information and

medical records to be released and provided in accordance with this court order are specifically and meaningfully herein described. The protected health information and medical records to be released and provided include a copy of the entire medical or treatment file concerning the above individual and will include, but are not limited to medical records, hospital reports and records, physicians notes and records, daily notes, nurses notes and care plans, operative reports, clinical notes and reports, therapy records and reports, history and physical examination records and reports, admission records and reports, discharge summary records and reports, laboratory results and reports, emergency records, consultation records and reports, x-ray and imaging reports and studies, physician or doctor orders, diagnostic studies and reports, radiographic films and reports, billing statements, accounts receivable statements, payment statements, invoices for health services, and any and all other records or documents or tangible notes or documents within the care, custody, and control of the healthcare or medical provider as described herein. It is further

ORDERED that, pursuant to HIPAA, it is hereby acknowledged that the protected health information, medical records, and any other documents produced in accordance with this order shall be used for discovery and/or evidentiary purposes with regard to the above-styled lawsuit. It is further

ORDERED that any doctor, hospital, healthcare provider, therapist, chiropractor, medical practitioner, or any other healthcare provider served with a copy of this order and who produces protected health information and medical records based on the same may take such action in reliance upon this order and the Court's direction to do so. It is further

ORDERED that any protected health information, medical records or other documents obtained by Carr Allison based upon this order may be disseminated by said law firm or its agents for the purposes of defending and/or participating in the subject lawsuit with said dissemination to

2

include providing such information and documents to Defendant, representatives of Defendant, expert witnesses or other consulting experts. Plaintiff's records obtained under this Order shall not be used for any purpose unrelated to the defense of this lawsuit. It is further

ORDERED that the provisions of this order allowing for the release of protected health information and records concerning the above-mentioned Plaintiff will become invalid at midnight eastern standard time on December 31, 2021, or upon the entry of a final judgment or order of dismissal or settlement in this cause of action, or upon further Order of this Court, whichever occurs first. It is further

ORDERED that any physician, healthcare provider, or other covered entity under HIPAA shall have the right to consider a photocopy or facsimile copy of this order as a complete authorization for the release of protected health information and medical records as set out herein and as the equivalent to the original of said order. It is further

ORDERED that this order does not authorize verbal communications with Plaintiff's medical providers, or release of verbal information, but is strictly limited to release of written records, documents, and reports existing at the time the request is made and at the time this order is served upon the respective healthcare provider. It is further

ORDERED that copies of any and all protected health information, medical records, other documents obtained by the use of this Order shall be supplied by Carr Allison to counsel for the Plaintiff within fifteen (15) days of receipt of those records by Carr Allison with counsel for Defendant to bear the cost of copying and providing those records. If the records are obtained less than five (5) days prior to a hearing, deposition or trial, they shall be furnished to counsel for the Plaintiff immediately. If Defendant, defense counsel, or a representative examine or inspect any records without making actual copies, Plaintiff's counsel will be notified and provided with the

name of the record holder of the records reviewed within fifteen (15) days of said inspection or examination. It is further

ORDERED that any medical or employment records produced by Plaintiff to Defendant during discovery under Rules 26 and 34 shall be protected to the same extent as any medical or employment records obtained by Defendant under this Order.

**ENTERED** this _____ day of _____, 2020.

_____
**JUDGE**

Respectfully submitted,

**MORGAN & MORGAN**

BY: _____
JAMES P. MCNAMARA, BPR #018127
Attorney for Plaintiff
810 Broadway, Suite 105
Nashville, TN 37203
(615) 514-4206
jmcnamara@forthepeople.com

**CARR ALLISON**

BY: _____
**SEAN W. MARTIN, BPR #020870**
**CHANCEY R. MILLER, BPR #036124**
Attorneys for Defendant
736 Market Street, Suite 1320
Chattanooga, TN 37402
(423) 648-9832 / (423) 648-9869 FAX
swmartin@carrallison.com
cmiller@carrallison.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2020, I electronically filed an **AGREED ORDER FOR RELEASE AND PRODUCTION OF PROTECTED HEALTH INFORMATION AND MEDICAL RECORDS IN ACCORDANCE WITH HIPAA** with the Clerk of Court using the Davidson County electronic filing system which will automatically send email notification of such filing to the following attorneys of record:

James P. McNamara
Morgan & Morgan
810 Broadway, Suite 105
Nashville, TN 37203

                        **CARR ALLISON**

                        BY: *[signature]*
                        **SEAN W. MARTIN, BPR #020870**
                        **CHANCEY R. MILLER, BPR #036124**
                        Attorneys for Defendant
                        736 Market Street, Suite 1320
                        Chattanooga, TN 37402
                        (423) 648-9832 / (423) 648-9869 FAX
                        swmartin@carrallison.com
                        cmiller@carrallison.com



Case Title:    HELMS V APPLEBEE'S RESTAURANTS LLC

Case Number:    20C177

Type:    AGREED ORDER

The foregoing is hereby ORDERED, ADJUDGED AND DECREED:

_____
Judge Joe Binkley, Jr., Fifth Circuit

Electronically signed on 09/17/2020 02:41 PM     page 6 of 6